IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN K. BIEBER** and **KAREN BIEBER**, | : CIVIL ACTION NO. 1:10-CV-0718 |
| | : |
| | : (Judge Conner) |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| **DAVID J. NACE** and **EASTERN INDUSTRIES, INC.**, | : |
| | : |
| | : |
| Defendants | : |

## ORDER

AND NOW, this 13th day of December, 2011, upon consideration of the motion in limine (Doc. 26) filed by plaintiffs Steven K. Bieber and Karen Bieber ("the Biebers"), wherein the Biebers request that the court strike the fifth affirmative defense of defendant David J. Nace ("Nace") (Doc. 8, at 18), and the fourth affirmative defense of defendant Eastern Industries, Inc. (Doc. 11, at 18), both of which assert that the Biebers' recovery of medical expenses may be reduced or barred by provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law ("PMVFRL"), see 75 PA. CONS. STAT. §§ 1720, 1722,[1] and wherein the Biebers

---

[1] Section 1720, which governs subrogation in Pennsylvania and prohibits plans from being structured in a manner requiring reimbursement in the event of recovery from a third party, states:

> In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or

assert that they are members of a self-funded employee benefits plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, that preempts operation of the PMVFRL, and upon further consideration of the brief in opposition (Doc. 28) filed by Eastern Industries, wherein Eastern Industries claims that the Biebers have provided no support for their contention that Biebers' employee benefits plan is an uninsured, self-funded plan with a right to subrogation governed by ERISA (Doc. 28, at 5), and it appearing from the affidavits and exhibits, submitted by the Biebers that the Biebers are indeed members of an uninsured, self-funded employee benefits plan subject to ERISA, (see Doc. 27, Ex. B; Doc. 29, Exs. A-C); see also Walker v. Rose, 22 F. Supp. 2d 343, 348 (D.N.J. 1998) (accepting declaration of plan administrator that plan at issue was self-funded, ERISA governed plan), and that the Biebers' employee benefits plan contains subrogation or reimbursement provisions, and liens have been asserted against the Biebers by

---

excess under section 1719 (relating to coordination of benefits).
75 PA. CONS. STAT. § 1720.

Section 1722 states:
> In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation , or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

75 PA. CONS. STAT. § 1722.

the third-party administrators of the plan, (see Doc. 29, at 5-7 & Exs. C-F), and the court noting that ERISA broadly preempts state regulation of employee benefits plans, see 29 U.S.C. § 1144(a) (preemption clause), but does not preempt state laws governing insurance, see 29 U.S.C. § 1144(b)(2)(A) (savings clause), however, ERISA makes clear that an employee benefits plan governed by ERISA shall not be deemed an insurance company or insurer for purposes of state laws regulating insurance companies or insurance contracts, see 29 U.S.C. § 1144(b)(2)(B) (deemer clause), and the court finding that, pursuant to Supreme Court precedent, ERISA preempts operation of the PMVFRL against a self-funded and uninsured employee benefits plan governed by ERISA, see FMC Corp. v. Holliday, 498 U.S. 52, 64 (1990) ("Our interpretation of the deemer clause makes clear that if a plan is insured, a State may regulate it indirectly through regulation of its insurer and its insurer's insurance contracts; if the plan is uninsured, the State may not regulate it.");[2] see

---

[2] In FMC Corp. v. Holliday, the Supreme Court held that ERISA preempted application of § 1720 of the Pennsylvania Motor Vehicle Financial Responsibility Law to a self-funded health care plan. 498 U.S. 52 (1990). In examining the preemption, savings and deemer clauses of ERISA, the Court explained:

> We read the deemer clause to exempt self-funded ERISA plans from state laws that "regulat[e] insurance" within the meaning of the saving clause. By forbidding States to deem employee benefit plans "to be an insurance company or other insurer ... or to be engaged in the business of insurance," the deemer clause relieves plans from state laws "purporting to regulate insurance." As a result, self-funded ERISA plans are exempt from state regulation insofar as that regulation "relate[s] to" the plans. State laws directed toward the plans are pre-empted because they relate to an employee benefit plan but are not "saved" because they do not regulate insurance. State laws that directly regulate insurance are "saved" but do not reach self-funded employee benefit plans because the plans may not be deemed

also <u>Bill Gray Enterprises, Inc. Employee Health and Welfare Plan v. Gourley</u>, 248 F.3d 206, 212-13 (3d Cir. 2001), and the court therefore concluding that the PMVFRL cannot operate to reduce or bar the Biebers' recovery of medical expenses in the above-captioned matter, it is hereby ORDERED that:

1. The motion in limine (Doc. 26) is GRANTED.

2. The fifth affirmative defense in the answer of defendant David J. Nace (Doc. 8, at 18) is STRICKEN.

3. The fourth affirmative defense in the answer of defendant Eastern Industries, Inc. (Doc. 11, at 18) is STRICKEN.

4. ERISA preempts the PMVFRL from operating to bar or reduce the recovery of medical expenses by the Biebers in the instant action. <u>See FMC Corp. v. Holliday</u>, 498 U.S. 52 (1990).


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

to be insurance companies, other insurers, or engaged in the business of insurance for purposes of such state laws.

<u>Id.</u> at 61.