IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN K. BIEBER** and **KAREN BIEBER**, | : CIVIL ACTION NO. 1:10-CV-0718 |
| | : (Judge Conner) |
| Plaintiffs | : |
| v. | : |
| **DAVID J. NACE** and **EASTERN INDUSTRIES, INC.**, | : |
| Defendants | : |

## ORDER

AND NOW, this 15th day of December, 2011, upon consideration of the motion in limine (Doc. 37), filed by defendant Eastern Industries, Inc., to preclude use of any and all documents prepared by plaintiffs' experts which were not produced before the deadline for expert reports, wherein Eastern Industries asserts that at a mediation between the parties in November, plaintiffs submitted Laser Scanning Data Sheets,[1] produced by expert witness Steven Schorr, PE of DSJ Associates, never produced prior to November 16, 2011, and wherein Eastern Industries asserts that the deadline for production of plaintiffs' expert reports was June 17, 2011, and that such failure to comply with the expert disclosure

---

[1] Plaintiffs' expert DJS Associates, in preparation of the expert report produced by Steven Schorr, PE, conducted an inspection of the site of the accident and performed laser scans. (See Doc. 48, Ex. A, at 1). Plaintiffs explain that "the laser data is generated by a device, camera-like in nature, that shoots a laser out in all directions (scan) from a fixed point on the roadway and gathers data points from the laser bouncing back from the surrounding topography and neighboring structures. Images . . . may be generated from the data through proprietary software." (Doc. 48, at 2-3).

requirements of Federal Rule of Civil Procedure 26(a)(2)[2] should result in the exclusion of the Laser Scanning Data Sheets from trial because defendants would be prejudiced by their introduction,[3] and upon further consideration of the response thereto (Doc. 48) filed by plaintiffs ("the Biebers"), wherein the Biebers represent to the court that the laser scans have not been utilized by them, and, if their expert were to utilize the data in creating images or exhibits, the Biebers would produce them to defendants in a timely fashion to enable Eastern Industries to prepare for the use of the demonstrative evidence at trial (id. at 3), and the court noting that Eastern Industries has been provided with the laser data (see Doc. 50, Ex. C), and it appearing that the laser scans were not used by Mr. Shorr in forming his opinions, (see Doc. 50, Ex. A), and the court therefore finding no violation Rule 26(a)(2),[4] and the court concluding that any production of demonstrative exhibits

---

[2] Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the disclosure of expert testimony. FED. R. CIV. P. 26(a)(2). An expert witness is required to produce a written expert report which must contain, among other things, "the facts or data considered by the witness in forming [all opinions]" and "any exhibits that will be used to summarize or support them." Id. 26(a)(2)(B)(ii)-(iii). Pursuant to Rule 37, when a party fails to disclose information required by Rule 26(a), the party is not permitted to use that information at trial "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

[3] Eastern Industries asserts that with trial fast approaching, it has no opportunity to rebut any opinions based upon the data sheets. (Doc. 37 ¶ 18)

[4] Assuming *arguendo* that the laser data falls within the scope of the expert disclosure requirements of Rule 26(a)(2), the court would still find that the Biebers may use the data, as the failure to produce the data is harmless. See FED. R. CIV. P. 37(c)(1). The Third Circuit directs the district courts to consider four factors in determining whether to exclude evidence: "(1) the prejudice or surprise in fact to the opposing party, (2) the ability of the party to cure the prejudice, (3) the extent of

for trial from the laser data does not fall within the bounds of Rule 26(a)(2)'s expert disclosure requirements, it is hereby ORDERED that the motion in limine (Doc. 37) is DENIED.

                                              S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge

---

disruption of the orderly and efficient trial of the case, and (4) the bad faith or willfulness of the non-compliance." Hill v. Reederei F. Laeisz G.M.B.H., Rostock, 435 F.3d 404, 423 (3d Cir. 2006) (citations and quotations omitted). The court cannot discern any prejudice to Eastern Industries. There are no opinions based upon the laser data, or opinions expressed within the images produced from the laser data. The images are akin to photographs of the location of the accident. Moreover, Eastern Industries has been provided with the laser data, the court can foresee no disruption to the trial of the case, which is still set to commence on January 10, 2012, and there is no indication of bad faith on the part of the plaintiffs.