# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN K. BIEBER** and **KAREN BIEBER**, | : CIVIL ACTION NO. 1:10-CV-0718 |
| | : |
| | : (Judge Conner) |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| **DAVID J. NACE** and **EASTERN INDUSTRIES, INC.**, | : |
| | : |
| | : |
| Defendants | : |

## ORDER

AND NOW, this 15th day of December, 2011, upon consideration of the motion in limine (Doc. 38) to preclude the report and testimony of Darl V. Bell, M.D. ("Dr. Bell") concerning plaintiff Stephen Bieber's ("Mr. Bieber") work life expectancy, filed by defendant Eastern Industries, Inc., wherein Eastern Industries claims that Dr. Bell provides no medical or scientific basis for his opinion that Mr. Bieber has a work life expectancy of only five years (id. ¶¶ 4, 9, 10), and asserts that the opinion should be excluded as unsupported speculation,[1] and it appearing that the admissibility of expert testimony is a question of law for the court and expert testimony must be both relevant and reliable, Arlington Indus., Inc. v. Bridgeport Fittings, Inc., 658 F. Supp. 2d 630, 633 (M.D. Pa. 2009), and the court noting that its

---

[1] Federal Rule of Evidence 702 governs the admissibility of expert witness testimony and provides that an expert witness may testify to specialized knowledge, "in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702.

inquiry must focus on the principles and methodology utilized by the expert, not the conclusions he or she generates, see Daubert v. Merrell Dow Pharmaceuticals., Inc., 509 U.S. 579, 595 (1993); In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 744 (3d Cir. 1994), and the court finding that "Rule 702 embraces a 'liberal policy of admissibility,' pursuant to which it is preferable to admit any evidence that may assist the trier of fact," Arlington Indus., Inc., 658 F. Supp. 2d at 633-34 (citing Pineda v. Ford Motor Co., 520 F.3d 237, 243 (3d Cir. 2008)); Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir. 1997), but that subjective belief, and unsupported speculation do not satisfy the standard for admissibility of expert opinions, Kannankeril, 128 F.3d at 807, and the court concluding that Dr. Bell's testimony is relevant, and reliable and not based upon subjective beliefs or unsupported speculation,[2] see FED. R. EVID. 702, it is hereby ORDERED that

---

[2] Dr. Bell is Mr. Bieber's internist. (Doc. 50, Ex. A). Dr. Bell manages Mr. Bieber's care and has reviewed Mr. Bieber's medical records from the accident. (Id.) He explains that as a result of the accident of June 2008, Mr. Bieber's ability to work has been affected due to back pain, infections of the skin graft at the site of Mr. Bieber's leg amputation, pain and arthritis. (Id. at 1-2). From this history, Dr. Bell opines that Mr. Bieber has a work life expectancy of five years. (Id. at 2).

The court finds no basis to conclude that Dr. Bell's testimony concerning Mr. Bieber's work life expectancy falls short of the standard set forth in Rule 702. Contrary to Eastern Industries' assertion that Dr. Bell provides no medical basis for his opinion on Mr. Bieber's work life expectancy, Dr. Bell explains in his report that his conclusion "comes from an understanding of what [Mr. Bieber] goes through to manage his work day and the continuation and likely exacerbation of the problems affecting him to date, i.e. graft breakdowns, infection, pain, increasing arthritis, etc." (Id.); see also Lauria v. Nat'l R.R. Passenger Corp., No., 1997 WL 138906, at *4 (E.D. Pa. Mar. 24, 1997) (noting that the doctor's opinions on plaintiff's prognosis, job restrictions and future medical treatment were based on his treatment of the patient and finding that "[t]hese are factors which a medical professional would consider necessary to treat his patient"). Dr. Bell's opinion on Mr. Bieber's work life expectancy is admissible. The credibility of that opinion is for the jury. See Kannankeril, 128 F.3d at 806. Eastern Industries may use cross-examination and

Eastern Industries' motion in limine (Doc. 38) to preclude the report and testimony of Dr. Bell concerning plaintiff's work life expectancy is DENIED.

                                                   S/ Christopher C. Conner
                                                   CHRISTOPHER C. CONNER
                                                   United States District Judge

---

closing argument to expose the alleged weaknesses in Dr. Bell's opinion. See Daubert, 509 U.S. at 596 (stating that shaky, but admissible, expert testimony may be tested at trial through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof").