## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN K. BIEBER and KAREN BIEBER,** : | CIVIL ACTION NO. 1:10-CV-0718 |
| : | |
| : | **(Judge Conner)** |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **DAVID J. NACE and EASTERN INDUSTRIES, INC.,** : | |
| : | |
| **Defendants** : | |

### ORDER

AND NOW, this 12th day of January, 2012, upon consideration of the motion in limine (Doc. 65), filed by defendant Eastern Industries, Inc., to preclude argument that employees of Easter Industries, Inc. fled the scene or attempted to conceal their involvement in the June 2, 2008, accident,[1] wherein Eastern Industries argues that the evidence is clear that its employees neither fled from the scene nor concealed their involvement, and thus such argument is baseless, irrelevant and would confuse the jury in contravention of Federal Rules of Evidence 401, 402, and 403, and upon further consideration of the response thereto (Doc. 68-2) filed by Stephen and Karen Bieber ("the Biebers"), wherein the Biebers assert that there is plenty of evidence calling into question of the actions of Eastern Industries' employees subsequent to the accident, that the evidence is squarely relevant to

---

[1] By scheduling order, the court set a deadline of November 18, 2011, for the filing of motions in limine. (Doc. 30). Eastern Industries filed the present motion in limine on December 19, 2011. Despite the untimeliness of the motion, the court will address it on the merits.

their cause of action, and that credibility determinations are the sole province of the jury, and the court noting that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," FED. R. EVID. 401, but "that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," FED. R. EVID. 403, and it appearing that there is conflicting evidence regarding the actions of Eastern Industries' employees and whether they fled the scene or attempted to conceal their involvement in the accident, (Compare Doc. 66, Exs. B-F, with Doc. 68 Exs. A-F), and the court finding that the evidence is relevant to whether Eastern Industries is liable to the Biebers, see FED. R. EVID. 401, and that "[e]valuation of witness credibility is the exclusive function of the jury" Bhaya v. Westinghouse Elec. Corp., 832 F.2d 258, 262 (3d Cir. 1987), and the court concluding that the evidence is not so unfairly prejudicial or likely to confuse the jury as to warrant its exclusion, see FED. R. EVID. 403, it is hereby ORDERED that the motion in limine (Doc. 65) to preclude argument that employees of Easter Industries, Inc. fled the scene or attempted to conceal their involvement in the June 2, 2008, accident is DENIED without prejudice to Eastern Industries' right to object to evidence or argument it believes is improperly offered at trial.

      S/ Christopher C. Conner  
      CHRISTOPHER C. CONNER  
      United States District Judge